## Carroll v. The Commissioners of Lower Merion Township. No. 1

*Desmond J. McTighe*, of *McTighe, Markel & Coates*, and *C. William Kraft, Jr.*, for complainant.

*Edward M. Hawes*, of *Wright, Mauck & Hawes*, and *John E. Forsythe*, for respondents.

*Roland Fleer*, for intervenor.

DANNEHOWER, J., February 13, 1947.—A preliminary injunction was granted on bill, injunction affidavits, and bond, enjoining defendants from enacting any amendment to the township zoning ordinance which would interfere with or hinder plaintiff's obtaining a permit to erect 40 single-family semi-detached dwellings on certain premises in Lower Merion Township, Montgomery County, Pa.

At the preliminary hearing, defendants filed a motion to dissolve the preliminary injunction, which after argument is pending for decision.

Plaintiff has filed an application for a building permit; thereupon defendants instituted proceedings to amend the zoning ordinance. Consequently, plaintiff filed a mandamus to compel the issuance of the permit. While disposition of the mandamus was pending, the

present complaint in equity was filed to prevent a change of zoning.

Defendants move that the preliminary injunction be dissolved because the court has no power to enjoin the duly constituted legislative body of the township from voting upon a proposed amendment to its zoning ordinance. In other words, the judicial department cannot interfere with the legislative functions of a legislative body, whether it be municipal or State.

After hearing oral argument and carefully reading the briefs of law submitted, we are all of one mind that the preliminary injunction must be dissolved.

The writ of injunction, commonly referred to as the "strong arm of the law", as a general rule may be sought only where there is a manifest necessity therefor to prevent irreparable injury to some right of plaintiff, by reason of impending acts or conduct of another. Plaintiff seeks to enjoin the consideration of and passage by the board of commissioners of the township of a proposed amendment to its zoning ordinance, which, if passed, will be applicable to certain property owned by him. There is no good reason why the exercise of the court's power should not wait until the questioned act is actually passed. If passed, it may not be passed in its present proposed form. There is no doubt that the commissioners have the power to amend the zoning ordinance from time to time under the First Class Township Law of June 24, 1931, P. L. 1206, sec. 3105, as amended. The passage of ordinances are legislative acts which a court of equity will not enjoin. If the ordinance be passed and is invalid or unconstitutional, the jurisdiction of the courts may then be invoked for the protection of private rights that may be violated by its enforcement. At a later date we will pass upon the right of certain nearby property owners to intervene in this proceeding.

And now, February 13, 1947, for the foregoing reasons, the preliminary injunction heretofore granted is hereby dissolved.